## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Curtis L. McKeithan,                                  Case No. 16-cv-2495 (WMW/TNL)

                    Petitioner,

v.                                                          **REPORT AND**
                                                       **RECOMMENDATION**

L. LaRiva, Warden, FMC Rochester,

                    Respondent.

---

Curtis L. McKeithan, USM 04888-067, Federal Medical Center – Rochester, PO Box 4000, Rochester, MN 55903-4000 (*pro se* Petitioner); and

John Kokkinen, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction, (ECF No. 9). This action has been referred to the undersigned for a report and recommendation to the Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.2(b). Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that the motion to dismiss be granted and the Petition be dismissed.

## I.    BACKGROUND

Petitioner Curtis McKeithan is currently confined at the Federal Medical Center in Rochester, Minnesota. (*See* Petition, at 1, ECF No. 1). McKeithan brings a petition for

habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Petition, at 2). McKeithan asserts that changes in precedent render him actually innocent of the crime charged. (Petition, at 6). As outlined below, McKeithan has a labyrinth of previous cases, ranging from the original trial court and direct appeal to habeas petitions and motions for sentence reductions, which requires substantial explanation to disentangle.

### A. *McKeithan I*: Trial Court and Direct Appeal

McKeithan was indicted by a grand jury in the United States District Court for the Middle District of Pennsylvania on October 11, 2000 in a ten-count indictment along with three co-defendants. (Indictment, ECF No. 10, Ex. 1).[1] McKeithan was charged

> with one count of conspiracy to distribute in excess of fifty grams of cocaine base in violation of 21 U.S.C. 846; one count of distribution and possession with intent to distribute in excess of fifty grams of cocaine base in violation of 21 U.S.C. 841(a)(1); one count of interstate travel in aid of drug trafficking violation of 21 U.S.C. 843(b); one count of using a communications facility to further a drug trafficking offense in violation of 21 U.S.C. 843(b); one count of possessing a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. 924(c)(1); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. 922(g) and 924(a)(2).

*United States v. McKeithan*, 2002 WL 31477304, at *1 (3d Cir. 2002); (Indictment, at 1–11).[2] Relevant to McKeithan's claims in the instant habeas petition, Count VIII specifically charged that McKeithan

---

[1] Also located at Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 1.

[2] *See* note 1, *supra.*

2

knowingly and willfully possessed a firearm, that being a Herrington & Richardson model 622, .22 caliber revolver, serial number AB43101, in furtherance of a drug trafficking crime, that is the manufacture, distribution and possession with the intent to distribute in excess of 50 grams of cocaine base, also known as crack cocaine, a Schedule II narcotic controlled substance

in violation of 18, U.S.C. § 924(c)(1). (Indictment, at 10).[3]

McKeithan was convicted following a jury trial on all counts and sentenced to 420 months imprisonment. *McKeithan*, 2002 WL 31477304, at *1; (Judgment in a Criminal Case, ECF No. 10, Ex. 3).[4] McKeithan's sentence term consisted of 360 months imprisonment on each of Counts I and II, 60 months on Count VI, 48 months on Count VII, and 120 months on Count IX, all to be served concurrently. (Judgment, at 3).[5] McKeithan was sentenced to 60 months imprisonment on Count VIII, to be served consecutively to the sentences on Counts I and II. (Judgment, at 3).[6]

McKeithan appealed his conviction to the United States Court of Appeals for the Third Circuit. *McKeithan*, 2002 WL 31477304, at *1. McKeithan argued that

1) the testimony of a government witness violated his Sixth Amendment right to cross-examination; 2) the government's evidence was insufficient to withstand his motion for a directed verdict; 3) the government's evidence was insufficient to establish a leadership role in a conspiracy; 4) his coronary artery disease warranted a downward sentencing departure; and 5) the indictment was insufficiently detailed, and therefore defective.

*Id.* The Third Circuit rejected each of these arguments and affirmed McKeithan's conviction and sentence. *Id.* at *1–*5.

---

[3] *See* note 1, *supra*.
[4] Also located at Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 154.
[5] *See* note 4, *supra*.
[6] *See* note 4, *supra*.

## B. *McKeithan II*: First § 2255 Motion and Appeals

On December 31, 2003, McKeithan filed a motion under 28 U.S.C. § 2255. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 173). McKeithan asserted that his counsel was ineffective in: (1) failing to petition for rehearing before the Third Circuit or for a writ of certiorari to the United States Supreme Court; (2) failing to recall a government witness in his case-in-chief; (3) failing to object to comments made by the prosecutor during opening statements; and (4) failing to move to suppress evidence obtained during the execution of two search warrants. (*See* ECF No. 10, Ex. 4, at 11–28).[7] The district court denied McKeithan's § 2255 motion on June 9, 2004. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 199).

McKeithan appealed, requesting a certificate of appealability under 28 U.S.C. §2253(c)(1). (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket Nos. 210, 212). The appeal was denied. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 212; 3d Cir. C.A. No. 05-1167 (3d Cir. May 26, 2005)). McKeithan then sought review by the U.S. Supreme Court. (*See* Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 213). The petition for a writ of certiorari was denied. (*See* Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 215).

## C. *McKeithan III*: First § 3582 Sentence Reduction Motion and Appeal

On January 12, 2009, McKeithan filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 222); *United States v. McKeithan*, 2009 WL 2843330, at *1 (M.D. Pa. Aug. 31, 2009). McKeithan

---

[7] Also located at Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 189.

argued that he should have been sentenced according to an offense level of 40, rather than 42, and, in the alternative, that his sentence was so disparate from a co-defendant that it violated law. *McKeithan*, 2009 WL 2843330, at *1. The district court denied McKeithan's motion, "finding that, even with the revised offense level, McKeithan's criminal history category of III resulted in the same sentencing range to which he was exposed without the reduction. In other words, he did not qualify for a reduction because the Amendment did not affect his sentence." *United States v. McKeithan*, 437 Fed. Appx. 148, 149 (3d Cir. 2011); (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 232); *McKeithan*, 2009 WL 2843330, at *1. McKeithan appealed, and the Third Circuit affirmed the district court. *United States v. McKeithan*, 362 Fed. Appx. 239, 239–41 (3d Cir. 2010) (per curiam) ("Because McKeithan's sentencing range was not affected by Amendment 706, he is not eligible for a reduction in his sentence pursuant to Section 3582(c). Accordingly, the District Court properly denied McKeithan's motion for a reduction in sentence.").

### D. *McKeithan IV*: First § 2241 Motion and Appeal

On September 23, 2010, McKeithan filed a motion pursuant to 28 U.S.C. § 2241, following the passage of the Fair Sentencing Act of 2010. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 238). In denying that motion, the district court held that the Fair Sentencing Act of 2010 "was not made retroactive" and, therefore, McKeithan did "not qualify for relief." (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 239). McKeithan appealed. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 240).

The Third Circuit held that "McKeithan [wa]s not entitled to proceed via § 2241

petition because he ha[d] not shown that § 2255 provides an inadequate or ineffective remedy." *McKeithan*, 437 Fed. Appx. at 150. Because McKeithan had previously filed a § 2255 motion that was denied on the merits, McKeithan was required to obtain leave from the Third Circuit to file a second § 2255 motion. *Id.* To the extent McKeithan's filings or appeal could be construed as such a request, the Third Circuit denied it. *Id.* Thus, the district court was affirmed. *Id.* at 151.

### E. *McKeithan V*: Second § 2255 Motion and Appeal

On September 27, 2011, McKeithan filed a motion seeking to overturn his conviction, asserting that the statutes under which he was convicted were beyond Congress's constitutional authority. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 244). The district court construed it as a § 2255 motion. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 245). The court then concluded that it lacked jurisdiction given McKeithan did not file within one year of conviction and that he did not receive approval from the Third Circuit for filing a second or successive § 2255 motion. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 245). McKeithan appealed. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 246). The Third Circuit construed McKeithan's appeal as an application for a certificate of appealability and denied the request. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 248; 3d Cir. C.A. No. 11-3818 (3d Cir. Nov. 23, 2011)).

### F. *McKeithan VI*: Second § 3582 Sentence Reduction Motion and Appeals

On May 4, 2012, McKeithan filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 249).

McKeithan asserted changes in the substantive law governing his offense of conviction and amendments to the Sentencing Guidelines warranted a reduction in his sentence. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 249). The district court denied McKeithan's motion, holding that the authority upon which McKeithan brought his motion did not apply retroactively. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 250). McKeithan moved for reconsideration. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 252). The district court denied reconsideration. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 253). McKeithan appealed. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 255).

On April 24, 2013, the Third Circuit vacated the district court's order and remanded for further proceedings. *United States v. McKeithan*, 526 Fed. Appx. 158, 159 (3d Cir. 2013) (per curiam).[8] The Third Circuit construed McKeithan's claim as arising under Amendment 750, and summarized McKeithan's argument as: "Amendment 750 . . . lowers his total offense level, resulting in a lower sentencing range than the original range of 360 months to life." *Id.* at 161. The Third Circuit held Amendment 750 does apply retroactively. *Id.* at 160 (citations omitted).

On remand, the Government agreed McKeithan was eligible for a sentence reduction, leaving the only issue to be resolved was "the amount of the reduction, the resulting new guideline, and the amended sentence." (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 266, at 3).[9] The district court adjusted McKeithan's sentence from 360

---

[8] Also located at ECF No. 10, Ex. 5.
[9] Also located at ECF No. 10, Ex. 6.

plus 60 months to 292 plus 60 months, for a total of 352 months. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 266, at 3).[10] McKeithan appealed. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 269). On January 14, 2014, the Third Circuit affirmed the district court. *United States v. McKeithan*, 550 Fed. Appx. 130, 131 (3d Cir. 2014) (per curiam).

### G. *McKeithan VII*: Third § 3582 Sentence Reduction Motion

On November 17, 2014, McKeithan moved to reduce his sentence pursuant to Amendment 782 to the Sentencing Guidelines, scheduled to take effect November 1, 2015. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 272). On October 28, 2015, McKeithan filed a supplemental motion, with the assistance of counsel, noting that Amendment 782 was made fully retroactive and that the U.S. Probation Office, U.S. Attorney's Office, and Federal Public Defender's Office all concluded that McKeithan was eligible for a sentence reduction based on Amendment 782. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 274). On November 3, 2015, the district court granted McKeithan's motion and reduced his sentence to 300 total months: 240 months on counts 1 and 2 (and with counts 6, 7, 9 all running concurrently) and 60 months on count 9 to run consecutively. (Case No. 00-cr-278-SHR-1 (M.D. Pa.), Docket No. 276).

### H. *McKeithan VIII*: First Request for Successive § 2255 Petition

On September 2, 2015, McKeithan sought permission from the Third Circuit to file a second or successive § 2255 motion. (3d Cir. C.A. No. 15-3119, Doc. No.

---

[10] *See* note 9, *supra.*

003112062785).[11] McKeithan argued that his conviction under 18 U.S.C. § 924(c)(1) was unconstitutional because his conduct had been rendered non-criminal by intervening appellate decisions, thereby making McKeithan actually innocent of any criminal wrongdoing. (3d Cir. C.A. No. 15-3119, Doc. No. 003112062785) (citing *United States v. Bobb*, 471 F.3d 491 (3d Cir. 2006), and *United States v. Sumler*, 294 F.3d 579 (3d Cir. 2002)).[12]

On October 14, 2015, the Third Circuit denied McKeithan's application for leave to file a second or successive § 2255 motion. (3d Cir. C.A. No. 15-3119, Doc. No. 003112100582).[13] The Third Circuit found that McKeithan's proposed claim

> does not rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or on a factual predicate that could not have been discovered previously through the exercise of due diligence and that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty.

(3d Cir. C.A. No. 15-3119, Doc. No. 003112100582, at 1).[14] McKeithan then sought rehearing or rehearing en banc, arguing that the Third Circuit's decision directly contradicted *Sumler*. (3d Cir. C.A. No. 15-3119, Doc. No. 003112144598). On December 14, 2015, the Third Circuit denied the petition for rehearing. (3d Cir. C.A. No. 15-3119, Doc. No. 003112154121).[15]

## I. *McKeithan IX*: Second Request for Successive § 2255 Petition

On June 3, 2016, McKeithan sought leave from the Third Circuit to file a

---

[11] Also located at ECF No. 10, Ex. 7.
[12] *See* note 11, *supra*.
[13] Also located at ECF No. 10, Ex. 8.
[14] *See* note 13, *supra*.
[15] Also located at ECF No. 10, Ex. 9.

successive § 2255 motion in which he would seek to vacate his conviction and sentence under 18 U.S.C. § 924(c)(1). (3d Cir. C.A. No. 16-2662, Doc. No. 003112315480).[16] McKeithan asserted two grounds for relief: (1) the trial court created structural error by directing the jury's verdict, thereby violation McKeithan's Fifth and Sixth Amendment rights; and (2) ineffective assistance of counsel in failing to object to said structural error. (3d Cir. C.A. No. 16-2662, Doc. No. 003112315480, at 4–6, 17–26).[17] McKeithan asserts these grounds for relief were unknown to him at the time of his original appeal. (3d Cir. C.A. No. 16-2662, Doc. No. 003112315480, at 4–6, 17–26).[18] Specifically, for Ground One, McKeithan asserted that structural error occurred when the jury posed a question to the trial court and the trial court answered. (3d Cir. C.A. No. 16-2662, Doc. No. 003112315480, at 19–20).[19] As argued by McKeithan, the trial judge's answer to the jury question "directed the jury towards a finding of fact: that there was a trade of drugs for a gun." (3d Cir. C.A. No. 16-2662, Doc. No. 003112315480, at 20).[20] As to Ground Two, McKeithan asserted his counsel was ineffective in failing to object to the trial judge's response to the jury question. (3d Cir. C.A. No. 16-2662, Doc. No. 003112315480, at 23–24).[21]

On July 8, 2006, the Third Circuit denied McKeithan's request to file a second or successive § 2255 motion. (3d Cir. C.A. No. 16-2662, Doc. No. 003112349314).[22] The

---

[16] Also located at ECF No. 10, Ex. 10.

[17] *See,* note 16, *supra*. The page numbers cited refer to the electronic pagination.

[18] *See,* note 16, *supra*. The page numbers cited refer to the electronic pagination.

[19] *See,* note 16, *supra*. The page numbers cited refer to the electronic pagination.

[20] *See,* note 16, *supra*. The page numbers cited refer to the electronic pagination.

[21] *See,* note 16, *supra*. The page numbers cited refer to the electronic pagination.

[22] Also located at ECF No. 10, Ex. 11.

Third Circuit held that McKeithan "failed to make a prima facie showing that his proposed § 2255 motion contains claims that rest on a new rule of constitutional law, or a previously undiscoverable factual predicate." (3d Cir. C.A. No. 16-2662, Doc. No. 003112349314, at 1).[23]

### J. *McKeithan X*: The Present § 2241 Motion

McKeithan filed the instant petition pursuant to 28 U.S.C. § 2241 on July 25, 2016. McKeithan asserts a single claim: that a change in the Third Circuit's interpretation of a U.S. Supreme Court decision renders his conviction for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), invalid. Petitioner claims he is innocent of his 2001 conviction under 18 U.S.C. § 941(c)(1), for possessing a firearm in furtherance of a drug trafficking crime, because there has been a change in the Third Circuit Court of Appeals' interpretation of *Bailey v. United States*, 516 U.S. 137 (1995). McKeithan argues that *Sumler*, 294 F.3d 579, and *Bobb*, 471 F.3d 491, held that the "use" prong of § 924(c)(1)(A) is not triggered unless someone actively solicits a firearm in exchange for drugs. (Petition, at 9–10). McKeithan continues, arguing that he "never asked for firearms in exchange for drugs; he was the solicited party." (Petition, at 10).

Respondent filed a motion to dismiss, arguing that the Petition should be interpreted as arising under § 2255, rather than § 2241, and that the Court lacks subject matter jurisdiction to decide McKeithan's § 2255 petition. (Mot. to Dismiss, ECF No. 9). Respondent asserts that McKeithan's claim of innocence is meritless because he was

---

[23] *See,* note 22, *supra.*

convicted under the "possession" prong rather than the "use" prong of § 924(c)(1)(A). (Mot. to Dismiss, at 9). Respondent also argues that Petitioner had a prior opportunity to present his innocence claim, noting that McKeithan has "initiated no fewer than five post-conviction proceedings—including a petition under § 2241—in the several years after *Bobb* and *Watson* were decided." (Mot. to Dismiss, at 9–10).

In response, McKeithan "partially concedes that he was unaware of the distinction between 'use' and 'possession' as it pertains to the statute," but continues to assert that precedential changes render his conviction and sentence invalid. (ECF No. 12-4, at 1).

## II.     ANALYSIS

### A. Legal Standard

The basic purpose of habeas corpus is to allow a prisoner to attack the legality of his detention. *Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973). "A motion under 28 U.S.C. § 2241 challenges the *execution* of a sentence while a motion under 28 U.S.C. § 2255 challenges the *imposition* of a sentence." *Deleston v. Wilson*, Case No. 13-cv-2733 (JNE/SER), 2014 WL 3384680, at *3 (D. Minn. July 10, 2014) (emphasis in original). "A motion under [§] 2255 is the exclusive remedy available to a federal prisoner asserting a collateral challenge to his conviction or sentence, except under limited circumstances where the remedy under [§] 2255 would be 'inadequate or ineffective.'" *Aragon-Hernandez v. United States*, Case No. 13-cv-2218 (SRN/AJB), 2014 WL 468266, at *2 (D. Minn. Feb. 6, 2014) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004)). Thus, "[a] petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use

§ 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." *Abdullah*, 392 F.3d at 959.

The burden of showing that § 2255 relief is inadequate or ineffective lies with the petitioner. *Faul v. Wilson*, Case No. 15-cv-1541 (PJS/TNL), 2016 WL 54195, at *1 (D. Minn. Jan. 5, 2016) (citing *Abdullah*, 392 F.3d at 959, and *Hill v. Morrison*, 349 F.3d 1089, 1090 (8th Cir. 2003)). Section 2255 provides:

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). If the petitioner is successful in so demonstrating, then this "savings clause" saves a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule. *See Abdullah*, 392 F.3d at 959.

"Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). To show that § 2255 relief would be inadequate or ineffective, "more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). Specifically, the § 2255 motion is not inadequate or ineffective because § 2255 relief has already been denied, the petitioner has been denied permission to file a second or successive § 2255 motion, a second or successive § 2255 motion has been dismissed, or the petitioner has allowed the one year statute of limitations and/or grace period to expire.

*Hill*, 349 F.3d at 1091 (quoting *Lurie*, 207 F.3d at 1077). "To hold otherwise would flout Congress's obvious intent to give meaning to those procedural requirements," "render those procedural requirements a nullity[,] and defy Congress's clear attempt to limit successive habeas petitions." *Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000). A petitioner also cannot show that § 2255 is inadequate and ineffective where he had "any opportunity to bring his claim beforehand." *Abdullah*, 392 F.3d at 963; *see Hill v*, 349 F.3d at 1092 (stating that a § 2255 motion is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise his argument before the sentencing court"); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) ("A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion.").

The savings clause in § 2255 is jurisdictional and "provides the court of incarceration as having subject matter jurisdiction over a collateral attack on a conviction or sentence rendered by another district court only if the remedies in the sentencing district are inadequate or ineffective." *Hill*, 349 F.3d at 1091. For a § 2255 motion to be inadequate or ineffective, two conditions must be satisfied:

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

*Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013); *Deleston*, 2014 WL 3384680, at *4 (quoting *Williams*, 713 F.3d at 1343). In certain

situations, then, "jurisdiction over a § 2241 petition may exist when there has been a change in the applicable law and that change has been deemed retroactively applicable." *Deleston*, 2014 WL 3384680, at *4 (citing *In re Davenport*, 147 F.3d at 611–2). A change in the applicable law contemplates a Supreme Court decision that "breaks new ground," "imposes a new obligation on the States or the Federal Government," or is otherwise not "*dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (emphasis in original).

### B. Subject-Matter Jurisdiction Over McKeithan's Claims

McKeithan claims that he is entitled relief under *Sumler*, 294 F.3d 579, and *Bobb*, 471 F.3d 491. Respondent asserts these decisions are inapposite to McKeithan's claims.

Under 18 U.S.C. § 924(c)(1), as it read when McKeithan was charged and convicted, as well as it reads presently,

> any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall in addition to the punishment provided for such crime of violence or drug trafficking crime—(i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A)(i)–(iii). In 2007, the U.S. Supreme Court held that a person does not "use" a firearm under 18 U.S.C. § 924(c)(1)(A) when he receives it in trade for drugs. *Watson v. United States*, 552 U.S. 74 (2007); *see Bobb*, 471 F.3d at 496 (noting that "bartering crack cocaine for a gun is not a violation of 18 U.S.C. § 924(c)(1)(A) if

the defendant did not actively solicit the barter of drugs for a gun") (citing *Sumler*, 294 F.3d at 583).

A deep dive into these cases is unnecessary, however, because McKeithan was not convicted under the "use" prong of § 924(c)(1)(A), but rather the "possession" prong. As set forth in the indictment, Count VIII charged that McKeithan

> knowingly and willfully *possessed* a firearm, that being a Herrington & Richardson model 622, .22 caliber revolver, serial number AB43101, *in furtherance of a drug trafficking crime*, that is the manufacture, distribution and possession with the intent to distribute in excess of 50 grams of cocaine base, also known as crack cocaine, a Schedule II narcotic controlled substance

in violation of 18 U.S.C. § 924(c)(1). (Indictment, at 10) (emphasis added). Thus, the cases McKeithan points to as support for his requested relief are inapplicable to his challenged conviction. Because McKeithan cannot rely upon *Bobb*, *Sumler*, or *Watson* to show that a motion under § 2255 would be inadequate or ineffective, his § 2241 petition cannot move forward.

Moreover, *Bobb* was decided in 2006, *Sumler* in 2002, and *Watson* in 2007. Since *Watson* was decided, McKeithan has brought several motions—§ 3582 sentence reduction motion in 2009, § 3582 sentence reduction motion in 2012, § 3582 sentence reduction motion in 2014—and, more importantly, at least four petitions or motions related to habeas relief—§ 2241 motion in 2010, § 2255 motion in 2011, request for a successive § 2255 motion in 2015, and a request for a successive § 2255 motion in 2016. Only in 2015 did McKeithan first raise any challenge to his conviction under 18 U.S.C. § 924(c)(1), using *Bobb* and *Sumler* as support for his argument that he was actually

innocent of any criminal wrongdoing. The Third Circuit rejected McKeithan's application to file a successive § 2255 motion, holding that McKeithan did not rely on a new rule of constitutional law or on a factual predicate that could not have been discovered. McKeithan then again sought leave to file a successive § 2255 petition, asserting claims of error in the trial court's response to a jury question and that his attorney was ineffective in not objecting the trial court's response. McKeithan has had several opportunities to raise his claims in the sentencing court or the Court of Appeals with jurisdiction over the sentencing court and, in fact, he raised such claims once. *See In re Davenport*, 147 F.3d at 611. Given these opportunities, McKeithan cannot show that § 2255 is inadequate or ineffective. *Abdullah*, 392 F.3d at 963; *see Hill v*, 349 F.3d at 1092.

Because the savings clause in § 2255 is jurisdictional, the Court is deprived of subject matter jurisdiction to consider McKeithan's petition because it is not the court that convicted and sentenced him. *Hill*, 349 F.3d at 1091. Therefore, this Court recommends granting Respondent's motion to dismiss for lack of subject matter jurisdiction.

### C.  Certificate of Appealability

As previously discussed, while styled as a § 2241 petition, McKeithan's claims actually fall under the auspices of § 2255. An "appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255," unless a "circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A "certificate of appealability may issue . . . only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In contrast, a petition filed under 28 U.S.C. § 2241 is not subject to the certificate-of-appealability requirement. *Langella v. Anderson*, 612 F.3d 938, 939 n.2 (8th Cir. 2010) (noting that where a federal prisoner files a petition under § 2241, the "certificate of appealability requirement . . . does not apply"). The § 2241 petition, however, must be *effective*. *Id.* ("Langella is a federal prisoner *effectively* filing his petition under § 2241, and . . . the Antiterrorism and Effective Death Penalty Act's certificate of appealability requirement therefore does not apply to him.") (emphasis added); *see also Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999) ("Because petitioner is a federal prisoner and *effectively* filed his petition pursuant to 28 U.S.C. § 2241, the Antiterrorism and Effective Death Penalty Act's certificate of appealability requirement does not apply to him.") (emphasis added).

As noted above, the Court finds McKeithan's habeas application to be ineffective under § 2241. Instead, Petitioner's claims fall squarely under the ambit of § 2255. Therefore, McKeithan's application is subject to the certificate of appealability requirement. Here, McKeithan has not made a substantial showing of the denial of a constitutional right and no court is likely to find that McKeithan is entitled to relief on any of the claims in his habeas petition. Accordingly, this Court recommends that McKeithan not be issued a certificate of appealability in this matter.

## III.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that:

1. Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction, (ECF

   No. 9), be **GRANTED**.

2. McKeithan's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF

   No. 1), be **DISMISSED WITH PREJUDICE**.

3. A certificate of appealability not issue.


Date:  February 6, 2017                              _____*s/ Tony N. Leung*_____
                                                     Tony N. Leung
                                                     United States Magistrate Judge
                                                     District of Minnesota

                                                     *McKeithan v. LaRiva*
                                                     Case No. 16-cv-2495 (WMW/TNL)


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the
District Court and is therefore not appealable directly to the Eighth Circuit Court of
Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a
magistrate judge's proposed finding and recommendations within 14 days after being
served a copy" of the Report and Recommendation. A party may respond to those
objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All
objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under
advisement 14 days from the date of its filing. If timely objections are filed, this Report
and Recommendation will be considered under advisement from the earlier of: (1) 14
days after the objections are filed; or (2) from the date a timely response is filed.