UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Curtis L. McKeithan,                                   Case No. 16-cv-2495 (WMW/TNL)

                Petitioner,          **ORDER ADOPTING IN PART,
                                                       REJECTING IN PART AND**
v.                                        **MODIFYING IN PART REPORT AND
                                                       RECOMMENDATION**

L. LaRiva, Warden, FMC Rochester,

                Respondent.

---

This matter is before the Court on the February 6, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Tony N. Leung. (Dkt. 13.) The R&R recommends granting Respondent L. LaRiva's motion to dismiss for lack of subject-matter jurisdiction, dismissing this matter with prejudice, and declining to issue a certificate of appealability. Petitioner Curtis L. McKeithan filed timely objections to the R&R. For the reasons addressed below, the Court adopts the R&R in part, but modifies the dismissal to be *without* prejudice and declines to adopt the R&R's recommendations regarding a certificate of appealability.

The relevant procedural background is addressed in detail in the R&R and need not be repeated at length here. McKeithan was convicted of six counts of drug and firearm-related offenses in 2001 in the United States District Court for the Middle District of Pennsylvania. McKeithan has challenged his conviction and sentence numerous times during the more than fifteen years that he has been incarcerated. Most

recently, on July 25, 2016, McKeithan commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. McKeithan's petition challenges his conviction of possessing a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1). He argues that changes in the federal courts' interpretation of the law render him actually innocent of this offense because he did not actively solicit an exchange of drugs for a firearm. The R&R recommends granting LaRiva's motion to dismiss, and dismissing this case with prejudice, because the Court lacks subject-matter jurisdiction over McKeithan's petition. The R&R also recommends declining to issue a certificate of appealability.

After a party files and serves specific written objections to a magistrate judge's proposed findings and recommendations, LR 72.2(b)(1), the district court reviews de novo those portions of the R&R to which an objection is made, 28 U.S.C. § 636(b)(1). When doing so, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). Here, McKeithan timely filed written objections on February 16, 2017. The Court addresses each objection in turn.

McKeithan first argues that the R&R erred by citing the decision in *Watson v. United States*, 552 U.S. 74 (2007), because McKeithan did not rely on *Watson*. McKeithan's argument is unavailing. The R&R addresses *Watson* in the context of the two cases on which McKeithan *did* rely—namely, *United States v. Bobb*, 471 F.3d 491 (3d Cir. 2006), and *United States v. Sumler*, 294 F.3d 579 (3d Cir. 2002)—because *Watson* addressed similar issues. The R&R correctly concludes that neither of these

2

cases is applicable to McKeithan's conviction, and McKeithan's objection to the discussion of *Watson* does not alter the merit of the R&R's recommendation. The Court, therefore, overrules this objection.

McKeithan next argues that the R&R misinterprets the Third Circuit's *Bobb* decision. McKeithan is correct that the conviction in *Bobb* involved knowingly *possessing* a firearm in furtherance of a drug offense. 471 F.3d at 496. Thus, contrary to LaRiva's argument, the conviction in *Bobb* was not limited to the "use" prong of 18 U.S.C. § 924(c)(1), and *Bobb* cannot be distinguished from this case on that basis. But, notwithstanding a brief reference to *Sumler*, the holding in *Bobb* does not depend on whether the defendant "actively solicit[ed]" a trade of drugs for a firearm. Rather, the Third Circuit concluded that "a rational trier of fact could reasonably find that Mr. Bobb's possession of the firearm furthered, advanced or facilitated his drug trafficking activities." *Bobb*, 471 F.3d at 497. The *Bobb* decision does not stand for the proposition that a conviction under the possession prong of 18 U.S.C. § 924(c)(1) involving a drugs-for-guns transaction requires active solicitation by the defendant. As such, despite McKeithan's objection, *Bobb* remains inapplicable to McKeithan's claim that he is "actually innocent" because he did not actively solicit the barter of drugs for a firearm. The Court, therefore, overrules this objection.

McKeithan's third objection is that 28 U.S.C. § 2255 provides an inadequate or ineffective remedy because (1) *Bobb* was not decided until 2006, which was after McKeithan had exhausted his direct appeals and his first Section 2255 motion; and (2) the Third Circuit denied McKeithan's request for permission to file a second Section

2255 motion to raise this issue. But a petitioner seeking relief under 28 U.S.C. § 2241 has the burden of demonstrating that Section 2255 provides an inadequate or ineffective remedy. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). And, as the R&R correctly observes, a Section 2255 motion is not inadequate or ineffective merely because a Section 2255 motion has been denied or the petitioner has been denied permission to file a second or successive Section 2255 motion. *Id.* Rather, a Section 2255 motion is inadequate or ineffective when a petitioner asserts a claim of actual innocence on a theory that the petitioner is being detained for conduct that has been rendered non-criminal by an intervening Supreme Court decision, but the petitioner is barred from challenging the legality of the conviction under Section 2255. *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013). Here, as explained above and in the R&R, McKeithan has not established that an intervening Supreme Court decision—or any intervening decision—has rendered his conduct of possessing a firearm in furtherance of a drug-trafficking offense non-criminal. The Court, therefore, overrules this objection.

McKeithan also argues that a certificate of appealability should be issued. But a petition filed under 28 U.S.C. § 2241, such as McKeithan's petition here, is not subject to a certificate-of-appealability requirement. *See Langella v. Anderson*, 612 F.3d 938, 939 n.2 (8th Cir. 2010). The fact that this Court lacks subject-matter jurisdiction over McKeithan's Section 2241 petition does not mean that Section 2255's certificate-of-appealability requirement may be imported into this context, and there is no legal authority for doing so. Accordingly, the Court declines to adopt the R&R's recommendations regarding the issuance of a certificate of appealability.

Finally, because this Court lacks subject-matter jurisdiction over McKeithan's Section 2241 petition, *see Hill*, 349 F.3d at 1091, the dismissal of this matter must be *without* prejudice, *see Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011).

## ORDER

Based on the February 6, 2017 Report and Recommendation, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Curtis L. McKeithan's objections, (Dkt. 14), are **OVERRULED**;

2. The February 6, 2017 Report and Recommendation, (Dkt. 13), is **ADOPTED IN PART**, **REJECTED IN PART**, and **MODIFIED IN PART** as addressed herein;

3. Respondent L. LaRiva's motion to dismiss, (Dkt. 9), is **GRANTED**;

4. McKeithan's petition for a writ of habeas corpus under 28 U.S.C. § 2241, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 4, 2017                                s/Wilhelmina M. Wright
                                                    Wilhelmina M. Wright
                                                    United States District Judge